(112 N. W. 993.)

---

GEORGE OLSON v. ERIC MATTISON AND LYE STORBY.

Opinion filed July 18, 1907.

**Appeal — Appealable Order.**

    1. An order refusing to set aside a judgment rendered after a trial and verdict is not appealable, when such order is based on a motion to set aside the judgment on the ground that the special verdict on which the judgment was entered did not warrant the entry of judgment thereon.

**Judgment — Correction — Motion — Scope of Remedy.**

    2. Irregularities in the rendition of judgment may be corrected by motion; but the correction of errors of law occurring at the trial, or in framing or receiving special verdicts, or in entering judgment thereon, can only be made by appeal or motion for a new trial.

Appeal from District Court, Ward county; *Goss, J.*

Action by George Olson against Eric Mattison and Lye Storby. Judgment for plaintiff, and defendants appeal.

Dismissed.

*LeSueur & Bradford,* for appellants.
*James Johnson,* for respondent.

MORGAN, C. J.   This is an appeal from an order of the district court of Ward county denying a motion to set aside a judgment entered after a trial and upon a verdict rendered in favor of the plaintiff.   The verdict was returned into court on the 8th day of December, 1905, and on the 11th day of December, 1905, the plaintiff secured an order to show cause why judgment should not be rendered in favor of the plaintiff pursuant to the verdict, and said order to show cause was duly served upon the defendants.   On the 14th of December, 1905, the parties appeared before the court pursuant to said order to show cause, and the defendants made objections to the entry of judgment upon the verdict.   After hearing the parties on said order to show cause, the court ordered that judgment be entered on the verdict, and judgment was entered on the 15th day of December, 1905, and notice of the entry of said judgment was duly served on the defendants on the same day.   On the 24th day of January, 1906, the defendants made a motion in the district court to vacate, dissolve, and set aside said judgment upon the ground that the same was not supported by the special verdict upon which the judgment was based.   This motion came on for hearing and was duly denied by the court. The defendants appealed to this court from said order refusing to set aside the judgment on that ground.

The plaintiff moves to dismiss this appeal on the ground that the order refusing to set aside the judgment is not an appealable order.   The motion is granted.   There is no statutory provision permitting the practice of setting aside by motion judgments entered after a trial, for errors of law committed at the trial.   Whether the special verdict was framed in accordance with established procedure, and whether the same was in all respects sufficient to warrant the entering of judgment thereon, are strictly questions of law.   If the special verdict was not sufficient on which to base a judgment, the entering of judgment on such verdict was an error of law, and such error can only be corrected on a motion for a new

trial or by appeal from the judgment. It is only irregularities in the entering of judgment that may be corrected by motion. As stated in State v. Donovan, 10 N. D. 203, 86 N. W. 709, the rule is: "The remedy by motion, however, is available only in case of irregular judgments, and cannot be resorted to as a means of enabling the trial court to review, revise or correct errors of law into which it may have fallen. See, also, 1 Black on Judgments, section 329, and cases cited; Goyhinech v. Goyhinech, 22 Pac. 175, 80 Cal. 409, 410; Reay v. Butler, 11 Pac. 463, 69 Cal. 572; May v. Stimson Lumber Co., 119 N. C. 96, 25 S. E. 721.

The contention that this was a judgment entered without jurisdiction cannot be sustained. The court had jurisdiction of the parties and the subject-matter, and the fact claimed, that the verdict was not such a special verdict as would warrant the entering of judgment thereon, would not be such an error as would render the judgment void, but simply erroneous. The appellant claims that the appeal was properly taken under the provisions of subdivision 2, section 7225, Rev. Codes 1905, granting an appeal from a "final order affecting a substantial right in special proceedings or upon a summary application in an action after judgment." This is not an order coming within the application of said section or subdivision. Appeals under the last part of subdivision 2 are from orders made that are based on matters occurring after judgment, or matters referring to opening up default judgments. In no case have we found that it applies to remedy errors of law occurring at the trial or in entering up judgment.

The appellant also contends that the judgment was rendered through a mistake under the provisions of section 6884, Rev. Codes 1905, authorizing the court or judge to set aside a judgment rendered through his "mistake, inadvertence, surprise, or excusable neglect." As seen by the reading of this section, it refers to mistakes or negligence of the party, and not to the mistakes of the court on a trial.

For these reasons, the appeal is dismissed. All concur.

(112 N. W. 994.)

Note—An order refusing an application for judgment upon the findings of a jury is non-appealable. Persons v. Simmons, 1 N. D. 243, 46 N. W. 969. An order refusing to vacate an order dismissing an appeal from justice court is non-appealable. Insurance Co. v. Weber, 2 N. D. 239, 50 N. W. 703. An order punishing for contempt in disobeying an injunction

for vindication of the authority of the court and not in a proceeding in the interest of a party, is not appealable  State v. Davis, 2 N. D. 461, 51 N. W. 942.  An order of the district court dismissing an appeal from a justice of the peace is not appealable.  In re Weber, 4 N. D. 119, 54 N. W. 523; Lough v White, 13 N. D. 387, 100 N. W. 1084; Feld v. Elevator Co., 5 N. D. 400, 67 N. W. 147; Prondzinski v. Garbutt, 9 N. D. 239, 83 N. W. 23. An appeal does not lie from an order in overruling a demurrer to a written accusasion under section 7838, Rev Codes, for removal of a county officer for malfeasance.  Myrick v. McCabe, 5 N. D. 422, 67 N. W. 143.  An order for judgment is not appealable.  In re Eaton, 7 N. D. 273, 74 N. W. 870.  Nor an order dismissing an action for failure of proof.  Cameron v. Ry. Co., 8 N. D. 124, 77 N. W. 1016; Hamburg v. Bank, 8 N. D. 238, 79 N. W. 340.  Final order in habeas corpus case is not appealable.  Carruth v. Taylor, 8 N. D. 166, 77 N. W. 182.  An appeal cannot be taken from an order bringing in an additional defendant under Sub. 1, section 5626, R. C.  Bolton v. Donoval, 9 N. D. 575, 84 N. W. 357.  An order denying a motion to vacate an injunctional order is not appealable.  Tracy v. Scott, 13 N. D. 577, 101 N. W. 905.

NOTE—An order vacating an attachment is appealable.  Bank v. Freeman, 1 N. D. 196, 46 N. W. 36.  An order confirming sale of real estate on execution is appealable.  Dak. Inv. Co. v. Sullivan, 9 N. D. 303, 83 N. W. 233. An order settling the final account of a receiver is an appealable order. Patterson v. Ward, 6 N. D. 359, 71 N. W. 543.  An order to show cause why respondent should not be punished for contempt for violating an injunction is appealable.  Merchant 1. Pielke, 9 N. D. 245, 83 N. W. 18.  An order punishing an attorney for contempt made during trial is appealable by party aggrieved.  King v. Hanson, 13 N. D. 85, 99 N. W. 1085.  An order granting a change of venue is appealable.  Robertson Lumb. Co. v. Jones, 13 N. D. 112, 99 N. W. 1082.