## J. B. BOYD, Respondent, v. G. W. LEMMON, et al., Appellants.

### (189 N. W. 681.)

**Trial — clerk's minutes of court's decision do not constitute written decision.**
　　1. In an action for an accounting tried in May, 1911, the court, according to the clerk's minutes, found that there was a balance due the plaintiff, ordered a judgment in his favor and directed the plaintiff's counsel to prepare findings in harmony with the statement of the account as presented to him by the court. Except as the minutes of the court's decision appears, entered by the clerk in his minutes, there was no written decision and no findings of fact, conclusions of law and order for judgment filed with the clerk. In July 1921, after an ex parte hearing, the successor of the judge who tried the case directed the entry of a judgment in favor of plaintiff and judgment was thereupon accordingly entered. Thereafter defendants moved to vacate the judgment and asked leave to file an amended answer setting up, among other defenses, the statute of limitations, a discharge in bankruptcy and laches. It is held:
　　The clerk's minutes do not constitute a written decision filed with the clerk as required by § 7638, Comp. Laws 1913.

**Judgment — refusal of court to vacate judgment, where answer shows good defense improper exercise of discretion.**
　　2. The motion to vacate the judgment in the instant case invokes the exercise of discretion by the trial court, and, inasmuch as the proposed answer excuses defendants' neglect and sets forth defenses which are prima facie good, it is held that the discretion was not properly exercised.

**Appeal and error — order within discretion of court, denying motion to vacate judgment, appealable.**
　　3. Where a motion to vacate a judgment is made upon grounds which appeal to the discretion of the court, raising questions not predicated solely upon

errors of law occurring anterior to the judgment, an order denying the motion to vacate is appealable to this court under subdivision 2 of § 7841, Comp. Laws 1913.

Opinion filed July 7, 1922. Rehearing denied Sept. 9, 1922.

Appeal and Error, 3 C. J. § 269 p. 457 n. 31: § 355 p. 523 n. 16. Judgments, 34 C. J. § 524 p. 305 n. 69: § 580 p. 370 n. 73. Trial, 38 Cyc. p. 1951 n. 91.

Appeal from the District Court of Cass County, *Cole,* J.

Motion to dismiss denied and order reversed.

*John G. Peffer,* for appellants.

"Courts of equity refuse relief where there has been gross laches in prosecuting rights, or long and unreasonable acquiescence, in the assertion of adverse rights." Hatcher v. Hall, 77 Va. 573.

"It is a settled doctrine of courts of equity that unexplained delays in the prosecution of a right until it becomes stale, constitutes such laches as forfeit the interference of a court." Matthews v. Wilson (Ind.) 67 N. E. 280.

"Lapse of time, when it does not operate as a positive statutory bar, operates in equity as an evidence of assent, acquiescence, or waiver, and delay in the assertion of a right unless satisfactorily explained, may operate in equity as a waiver of such right, and laches and neglect are always discountenanced by a court of equity." Delly v. McQuinn (W. Va.) 26 S. E. 517.

While some delay in the assertion of a right is always an essential element of laches, unreasonable delay alone, independently of any statute of limitations will often operate as a bar to relief. 21 C. J. 219.

Public policy and the peace and welfare of society are frequently given as reason for rejecting demands because of staleness. Dominquez v. Dominquez, 7 Cal. 424; Perkins v. Cartwell (Del.) 42 Am. Dec. 753; Patterson v. Hewitt (N. M.) 55 L.R.A. 658; Wiseman v. Hunter (S. C.) 14 Rich. Eq. 167; Morgan v. Fisher (Va.) 82 Va. 417; McKnight v. Taylor (U. S.) 11 L. ed. 86; Speidell v. Henrici (U. S.) 15 Fed. 753.

Acts inconsistent with the further prosecution of a pending suit may be deemed an abandonment of the suit. 1 Cyc. 756.

Appellants cannot be said to be guilty of laches. That is beside

49 N. D.—5.

the issue. Respondent cannot by claiming laches seek to destroy the force of the principal of law which this court must now determine. The court is not dealing with a judgment in good standing, but a judgment which was entered upon the order of the lower court in plain disregard of the mandatory statutes. Such judgments are always susceptible to attack. Freeman v. Wood, 11 N. D. 1 and 14 N. D. 95; Sjelbred v. Schaefer, 15 N. D. 539; Williams v. School District, 21 N. D. 198; 1 Black on Judgments, § 307 page 383; Gillfillan v. Chatterton, 37 N. W. 583; 1 Black on Judgments, § 313, page 388.

Where a discharge is granted pending a suit the defense of discharge in bankruptcy is regularly permitted to be set up by amendment or supplemental answer or other proper pleading. Richards v. Nixon, 20 Pa. 19; Lyon v. Isett, 34 N. Y. Supp. 41; Holyoke v. Adams, 59 N. Y. 233; Fellows v. Hall, No. 4722, Fed. Cas.; 3 McLean, 281; Kunzler v. Kohaus, 5 Hill (N. Y.) 317; Keene v. Mould, 16 Ohio, 12.

Judgments by default have frequently been set aside to allow a plea of discharge. Savings Bank v. Webster, 48 N. Y. 21; Lee v. Philips, 6 Hill (N. Y.) 246; Cater v. Goodrich, 1 How. Prac. (N. Y.) 239; Shurtleff v. Thompson, 63 Me. 118; Park v. Casey, 35 Tex. 536; Manwarring v. Kound, 35 Tex. 171.

*Grimson & Snowfield,* for respondent.

"As a general rule an appeal or writ of error will not lie, unless the case comes within some special statutory provision, from a judgment or order opening, vacating, or setting aside a judgment, order or decree previously rendered in the cause, or from an order refusing to open, vacate, or set aside same or imposing terms as a condition precedent to the vacation of a judgment." 3 C. J. 521. See also cases cited in the notes of the above quotation. See also the cases of Travelers Insurance Co. v. Mayer, 2 N. D. 239, 50 N. W. 703; Strechler v. Railson, 19 N. D. 677.

"An order of the trial court granting or refusing to open, vacate, or set aside a judgment will not be reviewed on appeal in the absence of the evidence before the trial court." 3 Cyc. 174. See also case of Angel v. Delmas, 60 Cal. 254; Powell v. Boring, 44 Ga. 169; Read

v. Divilbliss, 41 N. W. 580; and other cases cited in note 1 page 174 vol. 2 Cyc.

"A refusal to open a default judgment cannot be reviewed when the record does not contain the proposed answer." Schmidt v. Bradley, 1 N. E. 267.

"An order of the trial court granting or refusing an application to open, vacate or set aside a judgment will not be reviewed upon apto open the absence of the evidence." 4 C. J. 140. See also the cases of Angell v. Delmas, 60 Cal. 254; Angell v. Delamas, 60 Cal. 254; Powell v. Boring, 44 Ga. 169; Vogelsang v. Fredkyn 133 Ill. App. 356; Wheeler Chemical Works v. Alexander, 30 Ill. App. 502; Johnson v. Crane, 22 Ill. App. 366; Weaver v. Kennedy, 142 Ind. 440, 41 N. E. 810; Tomlinson v. Beard, 69 Ind. 309; Covault v. Sanders, 34 Ind. App. 14, 72 N. E. '163; Read v. Divilbliss, 77 Iowa, 88, 41 N .W. 580; Judy v. Newport First National Bank, 38 S. W. 711, 18 Ky. L. 880; Bryant v. Rosenbaum, 62 Miss. 191; Lewis v. Graham, 16 Abb. Pr. 126; Lee v. Benedict, 82 Ohio St. 302, 92 N. E. 492; Taylor v. Fitch, 12 Ohio St. 169; Smith v. Flanders (Tex. Civ. App.) 122 S. W. 80.

"A motion to vacate or set aside a judgment is addressed to the sound legal discretion of the trial court on the particular facts of the case. And consequently its determination will not be disturbed on appeal unless it is plain that its discretion has been abused." 23 Cyc. 895; Cross v. Hillsboro National Bank, 38 N. D. 261; First State Bank v. Krenelka, 23 N. D. 568; Mfg. Co. v. Pavlikeck, 21 N. D. 22.

"Under the express terms of the statute § 7433, Comp. Laws, 1913, an application to vacate a default judgment on the grounds of mistake, surprise, or excusable neglect is addressed to the sound judicial discretion of the trial court on the particular facts of the case and consequently its determination will not be disturbed unless it is plain that its discretion has been abused." Wakeland v. Hanson, 36 N. D. 129; Bucknell v. Archer, 135 N. W. 675; Kinkead v. Mariarty, 136 N. W. 101; Sanford v. Potter, 142 N. W. 469; Western Co. v. Voettcher, 156 N. W. 68.

"A finding that the defendant has a good and sufficient title to property is a sufficient finding of fact." Frazier v. Crowel, 52 Cal. 399.

"That the owner of property was in possession of certain property was held a sufficient finding of fact." Haley v. Nunan, 9 Pac. 523; S. P. Ry. v. Whitacker, 41 Pac. 1083.

It is not necessary that the findings be in any particular form nor is it necessary that they be in the form of the pleadings, the ultimate facts being all that is required. Upon this point see the following cases. Millars v. American Legion of Honor, 22 Pac. 864; 61 Pac. 360, 372; 91 Pac. 360.

BIRDZELL, Ch. J. This action was tried in May, 1911. The clerk's minutes show that in June, 1911, the trial court determined that there was a balance due to the plaintiff from the defendants of $8,561.27, and judgment was ordered in favor of the plaintiff for the amount. Plaintiff's counsel was directed to prepare findings in harmony with the order and with the statement of the account as presented to him by the court. Nothing further was done in the action until July, 1921, when an ex parte hearing was had before the successor of the judge who tried the case, resulting in the entry of judgment for $8,561.27, with interest from October 1, 1911, at 6 per cent. Six months later a motion was made and heard to vacate the judgment. The motion was denied and this is an appeal from the order denying it. The facts necessary to be stated are in substance as follows:

In April, 1909, the plaintiff commenced an equity action against the defendants, in which a receiver was appointed. Before the trial an involuntary petition in bankruptcy was filed, asking that the defendants be adjudged bankrupts. The defendants were adjudged bankrupt and received their discharge August 21st, 1911, the claim of the plaintiff in this action being listed among the liabilities in the bankruptcy proceedings as an undetermined claim. The discharge in bankruptcy was not pleaded in the action, nor was the pendency of the bankruptcy proceedings suggested. The minutes of the clerk of the district court for June 17, 1911, contain the following:

"After hearing the parties and due consideration of the respective claims, the one against the other and upon a full accounting the court finds that there is a balance due to the plaintiff from the defendants, including interest to date of the sum of $8,561.27, and orders judg-

ment in favor of the plaintiff for that amount, and counsel for plaintiff is directed to prepare findings in harmony with the order made at this time and with the statement of the account as presented to him by the court."

Nothing further was done in the action until July 28, 1921, when, upon an ex parte application of the plaintiff, the successor to the district judge before whom the case had been heard entered an order for judgment which, so far as material to the questions here presented, is as follows:

". . . that at the conclusion of the taking of said testimony the case was argued by counsel to the court and that the court then took the case under advisement and on the first day of October, 1911, gave oral notice to the attorneys for the plaintiff to prepare an order for judgment in favor of the plaintiff and against the defendants, G. W. Lemmon and J. J. Coliton for the sum of eight thousand five hundred sixty-one and 27/100 dollars; and it further appearing that no written order for judgment was in fact ever made or signed by the Hon. Charles A. Pollock, or any other judge of said court, and that no judgment has been entered in said case in accordance with the oral directions of said Charles A. Pollock, the then judge of this court; and

It further appearing that plaintiff is entitled to judgment against the defendants as heretofore directed by this court; now therefore,

It is hereby ordered that the plaintiff have and recover judgment against the defendants G. W. Lemmon and J. J. Coliton for the sum of eight thousand five hundred sixty-one and 27/100 ($8,561.27) dollars, with interest thereon from October 1, 1911, at the rate of six per cent per annum.

Let judgment be entered accordingly.

Dated July 28, 1921.

(Signed) A. T. Cole

Judge of the District Court."

At the ex parte hearing before the judge on the date the above order bears, the testimony of the former district judge and of the plaintiff's attorney was taken. The district judge testified that after ordering judgment to be entered he told the plaintiff's attorney to draw his order. He says:

". . . At that time clearly the defendants were bankrupt and

my information was that they had taken the Bankrupt Act, and I did not press Mr. Holt to furnish me with the order because of rush of business and other matters, and in view of the fact that the judgment was probably worthless, it wholly escaped my further attention. I now hold in my hand plaintiff's exhibit 'I.' which contains the following memorandum,—'Judgment authorized for Boyd for $8,561.-27.' This memorandum is in the handwriting of Daniel B. Holt, one of the attorneys for the plaintiff, and the attorney whom I authorized to draw the order for judgment. . . . As to the date when this order was made, I cannot with exactness determine but I am quite sure that it was after August 25, 1911, and probably before January first of the following year. The direction which I gave to Mr. Holt to prepare the order for judgment was given orally and in my best judgment was made on or about October 1st, 1911."

The attorney, Mr. Holt, testified that after the trial the case was taken under advisement and that thereafter the judge notified him orally that he had decided to enter judgment for the plaintiff Boyd in the sum of $8,561.27; that his recollection of the amount was refreshed by a memorandum in his own handwriting which he found in his office files; that no order for judgment was prepared.

". . . for the reason that Mr. Boyd at the conclusion of the trial and the receivership proceedings was satisfied that Lemmon & Coliton were bankrupt and in fact bankruptcy proceedings had been started by them in the year 1910 and were then pending in the United States court, in which Lemmon & Coliton had been adjudged bankrupt, and Mr. Boyd stated to me that he did not care to proceed any further with the litigation, that nothing was to be gained thereby and to take no further proceedings and to do nothing further in the case, which doubtless explains why order for judgment was not entered as directed by Judge Pollock and judgment entered thereon. My recollection as to the date when this oral order was given to me by Judge Pollock is that it occurred some time after the 15th of September, 1911, and probably not before the first of October. . . ."

Judgment having been entered upon the ex parte application as above stated, on July 29, 1921, the defendants by motion, dated November 25, 1921, moved that the same be vacated. The motion was grounded upon several propositions, all of which it will not be neces-

sary to state. The principal contentions and grounds are that no written findings of fact and conclusions of law were prepared and filed as required by statute; that the court was without jurisdiction to order entry of judgment on July 29, 1921, or if the court had ordered judgment nunc pro tunc as of June 17, 1911, the date of the oral order of the former district judge, as it appears in the clerk's minutes the statute of limitations would have run against the judgment before the date of its actual entry, July 29, 1921; that plaintiff was guilty of laches; and that plaintiff had full knowledge of the pendency of the bankruptcy proceedings. In connection with the motion an amended answer was served, showing reliance upon the statute of limitations and the discharge in bankruptcy, dated August 21, 1911. The affidavit of merits, signed by the defendant Coliton, is to the effect that in 1911 he was not versed in the law and that he relied upon his attorney to protect his rights in the premises, and that he had no knowledge that his rights had not been fully protected until he learned of the entry of this judgment some time subsequent to July 29, 1921.

The sole specification of error is that the court erred in denying the motion to vacate the judgment and in ordering that the plaintiff recover costs in the sum of $10.

Upon this record we are of the opinion that the trial court erred in denying the motion to vacate the judgment. If, as contended by the respondent, it was proper that a judgment be entered upon the oral findings of the trial court, as noted in the minutes dated June 17, 1911, laches would be a good defense to any attempt to enforce the obligation, just as the statute of limitations would have barred an action upon the judgment had it been duly entered. Had the plaintiff done that which he neglected for more than the period of the statute of limitations to do, namely, cause a judgment to be entered, the defendants would have had a complete legal defense to its enforcement before any subsequent steps were taken in this action by the plaintiff. Certainly the failure for so long a time to take such action was laches.

On the other hand, if the minutes did not amount to a written decision filed with the clerk and containing findings of fact and conclusions of law, constituting a compliance with the mandatory provisions of the statute (Comp. Laws. 1913, §§ 7638, 7639; Crane v. First

Nat. Bank, 26 N. D. 268, 144 N. W. 96), no findings have as yet been made and the judgment cannot stand. So if this view be adopted the judgment should be vacated and the subsequent proceedings in the action rendered open to the defenses of laches and bankruptcy.

We are of the opinion that the minutes do not evidence a written decision filed with the clerk as required by § 7638 and the authority cited above. Obviously the trial court was not finally committed to any such decision, as the minutes clearly indicate that findings were to be prepared by plaintiff's counsel in harmony with the decision announced. In our opinion the annoucement of the decision, as noted in the minutes, was merely a preliminary step looking toward the ultimate disposition of the case by the rendition of such a judgment as the court would later authorize to be entered upon the signing of the findings and conclusions and order for judgment. The decision could be altered at the will of the trial judge to conform to such views as he would entertain at the time of signing an order for judgment. We cannot hold that a written memorandum made by the clerk in his minutes is a decision "reduced to writing and filed with the clerk," within the statute.

The respondent attempts to demonstrate that the defendants are guilty of laches in not earlier moving to interpose the bar of bankruptcy; but we are of the opinion that the affidavit of merits, showing reliance upon their counsel, accompanied by the protracted delay of the plaintiffs in pursuing their rights in the action, if any, amply excuses the failure of the defendants to take the initiative. The defendants might well have acted upon the old adage "Let sleeping dogs lie." Laches is chargeable to the plaintiff rather than to the defendants, especially in view of the testimony of the plaintiff's attorney, wherein he said that the plaintiff had stated to him that he did not care to proceed any further with the litigation, that nothing was to be gained thereby, and directed that he take no further proceedings. This is an abandonment of the suit short of the rendition of judgment such as would warrant a dismissal for lack of prosecution.

Respondent has moved to dismiss the appeal on two grounds; first, that the errors, if any, occurring anterior to the entry of the judgment are errors of law which can be reviewed on an appeal from the judgment and consequently should not be reviewed upon an appeal from an

order after judgment; and second, that the record certified to this court is not complete. We are of the opinion that the motion to dismiss should not be granted. The motion to vacate the judgment, it will be observed, was not based solely upon grounds affecting the validity of the judgment as a matter of law. If the sole attack had been upon the ground that the judgment was not based upon findings and conclusions as required by the statute, the errors of law would have required the reversal of the judgment upon appeal. See Prondzinski v. Garbutt, 9 N. D. 239, 83 N. W. 23. There would then have been much force to counsel's contention that the appeal should have been from the judgment; for the motion to vacate would then have presented no question other than that which would arise upon an appeal from the judgment; and to allow an appeal from the order might, in effect, operate to extend the time for appealing from a judgment. See Olson v. Mattison, 16 N. D. 231, 112 N. W. 994; Mantel v. Mantel, 135 Cal. 315, 67 Pac. 758. But such is not the situation here. The motion to vacate was predicated upon the ground of the plaintiff's laches and the bar of the statute of limitations and bankruptcy, which, through excusable neglect, were not interposed in the action; and the judgment was rendered after the ex parte hearing making the proceeding at the date it took place, quite analogous to a default (as in Citizens' Nat. Bank v. Branden, 19 N. D. 489, 27 L.R.A.(N.S.) 858, 126 N. W. 102). At any rate, we are of the opinion that the defendant, in presenting the motion to vacate the judgment, appealed to the discretion of the district court and that the exercise of that discretion can be best reviewed here upon an appeal from the order denying the motion to vacate. See De la Montanya v. De la Montanya, 112 Cal. 101, 32 L.R.A. 82, 53 Am. St. Rep. 165, 44 Pac. 345; Pignaz v. Burnett, 119 Cal. 157, 51 Pac. 48. The appeal comes within subdivision 2 of § 7841, Comp. Laws, 1913, in that it is a final order affecting a substantial right made upon a summary application in an action after judgment.

As to the objection that the record is not complete, we note that the original motion to vacate was made, among other things, upon the records and files in the action, and that the record certified to this court does not contain the pleadings. The statement of the case, however, was settled before the district judge who certified that it con-

tained the only papers filed or used by either party, with reference to which the order denying the motion to vacate was made. In view of the fact that in so far as the exercise of discretion is concerned, which is the matter reviewable upon this appeal, the affidavit of merits is not controvertible, we are of the opinion that the record is adequate to show the error of the trial court in denying the motion.

The motion to dismiss is denied and the order appealed from is reversed.

ROBINSON and CHRISTIANSON, JJ., concur.

BRONSON, J., concurs in result.

GRACE, J. (specially concurring). I concur in the reversal of the order denying defendant's motion to vacate the judgment and this largely on the principles of law and statements contained in subdivision two (2) of the syllabus.