O. L. ENGEN, Receiver of the Citizens State Bank of Edgeley, North Dakota, Appellant, v. MEDBERRY FARMERS EQUITY ELEVATOR COMPANY, a Corporation, et al., Defendants. W. C. SCHEEL and Chas. Scheel, Respondents.

(204 N. W. 7.)

**Appeal and error — correct order not set aside because court assigned incorrect reason therefor.**

1. A correct order will not be set aside merely because the court assigned incorrect reasons for its conclusion.

**Judgment — vacating default judgment and permitting defense on merits held proper.**

2. For reasons stated, it is held that an order vacating a default judgment and permitting the defendants to answer and defend is not erroneous.

Opinion filed May 25, 1925.

Appeal and Error, 4 C. J. § 2557 p. 663 n. 92. Judgments, 34 C. J. § 515 p. 296 n. 7.

Appeal from order vacating judgment, District Court, LaMoure County, *Wolfe, J.*

Order affirmed.

*O. S. Gunderson* and *Conmy, Young & Burnett,* for appellant.

But judicial error in rendering judgment does not make such judgment irregular and a motion to vacate will not lie on such grounds. The

---

Note.—(1) Reversal of correct decision based on improper evidence, see 2 R. C. L. 189; 1 R. C. L. Supp. 431; 4 R. C. L. Supp. 90; 5 R. C. L. Supp. 79.

proper remedy in such case is appeal. Olson v. Mattison & Storey, 16 N. D. 231, 112 N. W. 994; Herrman v. State Bank, 34 N. D. 313, 158 N. W. 986; Wiemer v. Wiemer, 21 N. D. 371, 130 N. W. 1015; State v. Tate (Mo.) 18 S. W. 1088; Board of Comrs. v. Trust Co. (Kan.) 103 Pac. 996.

"That judgment is erroneous as a matter of law is ground for appeal, writ of error, or certiorari, according to the case, but is no ground for setting aside the judgment on motion." State v. Donovan, 10 N. D. 207.

"A proceeding to open or vacate a judgment cannot be sustained on any grounds which might have been pleaded in defense to the action and could have been so pleaded with proper care and diligence." 34 C. J. 286.

*Hutchinson & Lynch,* for respondents.

"The court has authority to vacate judgments for irregularity." 15 R. C. L. art. 154; 23 Cyc. p. 921.

The correction of irregularities in judgments by motion is the better practice than by appeal. This is true whether the irregularity is one of jurisdiction or otherwise. Where the irregularity is one of jurisdiction, a motion can be made within a reasonable time after the parties know of the entry of judgment. Martinson v. Marzolf, 14 N. D. 301; Cooper v. Rhea (Kan.) 107 Pac. 799; Winslow v. Anderson, 32 Am. Dec. 651; Browning v. Roane, 50 Am. Dec. 218.

A judgment which is outside of the issues of the case may be vacated upon motion. Gille v. Emmons (Kan.) 48 Pac. 569.

Where there are no facts essential to support the judgment, it should be set aside. Williamson v. Rabon (N. C.) 98 S. E. 830.

The court should have a wide discretion in the matter of vacation of judgments. Peas v. Kootnai County (Idaho) 65 Pac. 432.

The court has power to amend a judgment to make it speak the truth, and when the ends of justice require it. King v. State Bank (Ark.) 47 Am. Dec. 739.

JOHNSON, J. This is an appeal from an order of the district court of LaMoure county vacating a default judgment entered against the defendants, W. C. and M. C. Scheel. The order was made upon the application of the judgment debtors.

The plaintiff brought suit against the Medberry elevator company and the defendants as makers of a promissory note, dated November 1, 1920. From the complaint it appears that the Scheels and their co-defendants were makers of the note. The summons and complaint were served on the Scheels on August 18, 1923. Thereafter two defendants, other than the Scheels, answered. No answer was interposed for or appearance made by the Scheels. On November 20, 1923, judgment by default was entered against the Scheels.

On August 6, 1924, a motion was made to vacate the judgment. The motion was supported by the affidavit of one of the respondents and also of his counsel, and accompanied by a proposed answer in which, after admitting formal allegations, the Scheels deny that they executed the note or are in any manner personally liable thereon.

The affidavit of counsel supporting the motion to vacate, recites, in general, that he was employed by the respondents in June, 1924, for the purpose of opening the default judgment; that he was busy during the regular June term and could not obtain the facts until about July 7; that on procuring the facts from the respondents, he advised them that they had a valid defense on the merits and that, in his opinion, plaintiff had failed to establish a cause of action against them. The affidavit of W. C. Scheel recites the service of the summons and complaint in August, 1923, and the entry of the judgment. Affiant then states that he believed that his liability, if any, under the cause of action alleged in the complaint, would be the same as that of the other individual defendants; that other defendants, namely, McCulloch, Carow and Paulson, employed counsel, interposed an answer, and defended the action; that this affiant believed that the answers and defenses of the named defendants would inure in his behalf and that his right and interest would be fully protected; that had the affiant believed that the defense of the individuals named did not inure to his benefit and protect his rights, he would have consulted counsel and interposed the defense alleged in the proposed answer; that the affiant first learned in June, 1924, that judgment had been rendered against him, and that thereupon he immediately retained his present attorneys to ask the court to vacate the judgment. Affiant then says that he has fully and fairly stated the facts to his counsel and is advised that he has a valid and substantial defense on the merits to the cause of action alleged in

the complaint; and that such defense is fully set forth in a verified answer attached to the affidavit. Affiant further states that he is informed and believes that the plaintiff wholly failed to present any evidence establishing liability on the part of the Scheels.

On October 14, 1924, the trial court vacated the judgment as against the Scheels "for the reason that upon the proof submitted in said action it was shown conclusively that said defendants Charles Scheel and M. C. Scheel were not liable, and the judgment heretofore entered against them was therefore false in fact, and the court was without jurisdiction, right or power to render such judgment." The order vacating the judgment was made by the same district judge who heard the testimony and ordered the judgment entered.

The appellant contends that the court was without power to vacate the default judgment; that that power may be exercised by the court only when the default was the result of mistake, inadvertence, or excusable neglect, and not merely because the evidence was insufficient in some respect to support a finding and a judgment against the parties. Appellant thus states the issue: "The issue on this appeal is simply the right of the court on this motion to vacate the default judgment because the evidence submitted by the plaintiff did not sustain his cause of action."

It is contended by the appellant that on a motion to set aside a judgment, there can be no review of the evidence for the purpose of determining whether the plaintiff proved a cause of action. That the sufficiency of the evidence which induced the judgment cannot be reviewed or considered on such motion. It is said that whether the facts or pleadings warranted the judgment entered is a question of law and that a failure to establish a cause of action does not make the judgment a nullity. In support of his contention counsel relies largely on Penn v. McGhee, 6 Ga. App. 631, 65 S. E. 686; State ex rel. McGlory v. Donovan, 10 N. D. 203, 86 N. W. 709; Ramsburg v. Kline, 96 Va. 465, 31 S. E. 608; Richardson v. Ruddy, 15 Idaho, 489, 98 Pac. 842; Olson v. Mattison, 16 N. D. 231, 112 N. W. 994; and Wyandotte County v. Equitable Invest. Trust Co. 80 Kan. 492, 103 Pac. 996; 34 C. J. 286; 15 R. C. L. p. 174.

It has been held by this court that a correct order will not be set aside merely because the trial court assigned incorrect reasons for its

conclusions. Davis v. Jacobson, 13 N. D. 430, 101 N. W. 314. See also Plucker v. Chicago, M. & St. P. R. Co. 48 S. D. 48, 203 S. W. 208. The trial court vacated the judgment and permitted the respondents to defend on the merits. Manifestly the court was satisfied that the judgment was entered against the respondents under "mistake, inadvertence, surprise or excusable neglect" and that it was proper to give relief. Comp. Laws, 1913, § 7483. We are agreed that it was entirely proper, under the circumstances, to vacate the judgment and permit respondents to answer and defend. We need not consider the grounds stated in the order. The correctness of the judgment of the court that respondents' application to vacate should be granted does not depend on the reason assigned in support of its conclusion.

The order appealed from is affirmed.

CHRISTIANSON, Ch. J., and NUESSLE, BURKE, and BIRDZELL, JJ., concur.