(75 N. W. Rep. 901.)

THE TRIBUNE PRINTING & BINDING CO. *vs.* O. G. BARNES, *et al.*

Opinion filed May 31st, 1898.

#### County Printing—Must be Done Within the State.

Construing section 1807, Revised Codes, which reads, "All county printing shall be done in the state, and if practicable in the county ordering the same," *held*, that the words "all county printing" include, in addition to legal notices published by or in behalf of the county, all supplies of printed matter necessarily used by county officials in discharging their official duties.

#### Mandamus When Denied.

*Held*, further, that the purpose of said section is to prohibit counties from letting contracts to print and furnish county supplies of printed matter to parties who will not perform the work within the state. Hence it is *held* that mandamus will not lie to compel the county commissioners to recognize and consider a bid for county printing made by parties who will do the work of printing outside the limits of the state if awarded the contract for which the bid is made.

#### Constitution—Regulation of Commerce.

*Held*, further, that said section is not repugnant to section 8 of article 1 of the federal constitution, regulating commerce among the states, for the reason that a sovereign state, like an individual, may lawfully elect not to purchase its necessary supplies from those who do not manufacture or produce the same within the state so purchasing the same.

#### Legislative Question.

*Held*, further, that the expediency of such a statute is a consideration outside of judicial cognizance, and one lying wholly within domain of legislative discretion.

#### Statute—Single Subject.

Revised Codes, section 1807 (upon authority cited in the opinion,) *held* not

to be repugnant to section 61 of article 2 of the state constitution, providing "that no bill shall embrace more than one subject," etc.

### Demurrer Relates Back to First Defective Pleading.

> The rule that a demurrer searches the record, and relates back to the first defective pleading, followed and applied to the pleadings herein; and *held*, that a demurrer to the answer required the court below to search the complaint, and, because the complaint was demurable, it was proper to dismiss the application for the writ.

### Order Properly Made But Upon Untenable Reasons.

> *Held*, that the order appealed from was properly made, and will not be reversed despite the facts that the reasons given by the District Court for the order are untenable in the law.

### Discrimination.

> *Held*, further, that section 1807, Revised Codes, does not discriminate either against nonresidents or those whose places of business are situated in another state. The sole requirement of the section is that county printing shall be done within the state.

Appeal from District Court, Cass County; *Pollock*, J.

Application for writ of mandamus by S. F. Knight and H. Crawford, doing business as the Tribune Printing & Binding Company, against O. G. Barnes and others, as board of county commissioners of Cass County. Application dismissed, and plaintiffs appeal.

Affirmed.

*J. W. Tilly*, for appellants.
*Fred B. Morrill, State's Atty.*, for respondents.

WALLIN, J.  In this proceeding, the plaintiffs applied to the District Court for peremptory writ of mandamus, commanding the defendants, who are the commissioners of Cass County, to recognize and consider a certain bid for county supplies, which was made by the plaintiffs in response to a published proposal for bids theretofore made by the defendants. Said proposal for bids, so far as the same is material, was as follows: "Proposal for Supplies. Office of the County Auditor, Fargo, Cass County, N. D. Sealed proposals will be received at this office until 12 o'clock noon, May 3, 1898, for furnishing Cass County with * * * blank books

and bindery work, printed blanks, and printed stationery. No bids from binderies or printing offices whose main offices are outside the State of North Dakota will be entertained. * * * The right to reject any or all bids is reserved by said board." Responding to this published notice, the plaintiffs filed with the county auditor their bid, which is entitled "Bid of Tribune Printing & Binding Co.," and which embraces a list of articles which are generally known as county records and office supplies of printing matter, including bank records, printed records, assessor's books, tax lists, etc. These articles are chiefly, if not wholly, of a kind such as are produced in printing offices, and can only be made by the use of printing machinery. No point is made either in the record, or in the arguments of counsel, to the effect that the bid of the plaintiffs embraces any article which is not the product of the printer's art. The plaintiff's bid was neither considered nor recognized by the defendants, whereupon the plaintiff's made application for the writ of mandamus. The affidavit, which is the basis of the appeal, states that said firm of S. F. Knight and H. Crawford as co-partners, as the Tribune Printing & Binding Company, and have their principal place of business in Minneapolis, State of Minnesota; that their business is that of making and selling legal blanks, blank books, and other county supplies and stationery, and making contracts with counties to furnish and sell them such blanks, blank books, stationery, and supplies as they may require under the law. The affidavit further alleged, in substance, that the defendants, pursuant to the requirement contained in section 1925 of the Revised Codes, published said proposal for bids for county supplies, and that in response thereto, the plaintiffs, in due time and in the proper manner, made and filed its said bid with the county auditor for said county, and that "on the 5th day of May, 1898, they proceeded to, and did, open and consider certain bids, made and filed by other persons and firms, for the furnishing of said articles, goods, and supplies named in said notice, but refused to recognize and consider

complainants' (the plaintiffs herein) bid, although affiant then and there openly demanded of said commissioners that they recognize and consider his firm's bid; that affiant verily believes that his firm's bid was and is the lowest bid filed, and affiant says that his said firm is wholly responsible, and could and would give to said Cass County a good and sufficient bond to fulfill the contract if let to them on their bid"; and that plaintiffs' have complied with all the requirements of the law in making and filing said bid.  Upon the return of an order to show cause, which order was based on said affidavit, the defendants filed their answer to said affidavit, which answer among other things, stated as follows: "That said complainants have their principal place of business in the City of Minneapolis and State of Minnesota, and said S. F. Knight so stated to these defendants, the board of county commissioners, at the time of the opening of said bids, that if said bid of complainants was accepted, and the contract for the work specified therein was awarded to complainants, said work would be done outside of the State of North Dakota, and not within the State of North Dakota; that the bid as called for and the contract to be awarded under said bid is for county printing, and cannot, under the laws of this state, to-wit, under section 1807 of the Revised Codes of 1895, be done out of the State of North Dakota; that for that reason said bid was rejected and refused to be considered by defendants as a board of county commissioners, and the certified check attached to said bid was returned to complainants, and all other bids as called for under the notice were rejected; that the bid of the complainants was rejected by defendants, as county commissioners of Cass County, for the sole and only reason that the said bid did not comply with the requirements of the notice, in that the complainants are not within the state, and the contract could not, under the law of the state, be awarded to complainants, as said contract would be for county printing for the ensuing year, and, if the contract was awarded to complainants under their bid, the county printing would not be done within the State of North Dakota."

Plaintiffs interposed a demurrer to this answer, upon the ground that the same does not state facts sufficient to constitute a defense. After hearing counsel upon the issues raised by the demurrer, the trial court ordered "that the demurrer be, and the same is, overruled; and said plaintiffs' application for a writ of mandamus herein, directing defendants to recognize and consider plaintiffs' said bid, is refused and denied, and their application dismissed, on the ground that plaintiffs, being nonresidents of this state, and their principal place of business being in the State of Minnesota, the defendants could not recognize and consider said bid under the law." From this order plaintiffs appeal to this court, and contend here that the trial court erred in overruling the demurrer to the answer, and in denying the application for the writ, and in dismissing the application for the writ.

The principal question is raised by the following averments in the answer, viz.: "That if said bid of complainants was accepted, and the contract for the work specified therein was awarded to complainants, said work would be done outside of the State of North Dakota, and not within the State of North Dakota." The answer shows that the defendants regarded section 1807 of the Revised Codes as containing an inhibition against awarding the plaintiffs the contract for the supplies, as stated in their bid, and this upon the ground that the work was to be done outside of this state. Said section reads: "All county printing shall be done in the state, and if practicable in the county ordering the same." As has been seen, the articles enumerated in the bid of the plaintiffs were county supplies for Cass County, and were also printed matter of a miscellaneous character. These facts would seem to bring the bid of the plaintiffs squarely within the prohibition of the statute, inasmuch as the demurrer admits that the averments in the answer are true, for the purposes of the demurrer. By the demurrer, the plaintiffs admit that the work necessary to the furnishing of the supplies in question would be done outside of the state. This is precisely what the statute declares shall not be done, in its declaration "that all county

printing shall be done in the state." We think the language of this statute is unambiguous, and its meaning entirely clear. Counsel claims that section 1925 is controlling, and cites the provision therein "that the lowest responsible bid must in all cases be accepted." Our conclusion upon this feature is that the language last quoted must be construed with reference to the requirement embraced in section 1807, Revised Codes, and therefore that the competitive bidding must be restricted to those who can and will do the work within the state. The last mentioned section became a law later in point of time, and, by its terms, necessarily modifies the earlier enactment.

Another contention made by appellants' counsel is that section 1807 is intended to cover only such legal notices as the county is required by law to print and publish, and cites sections 1804, 1805, and 1806, Revised Codes in support of this contention. We do not see wherein the sections cited bear upon the point involved in this case. Those sections relate to newspapers published within the state, and declare, in effect, that only such newspapers as are of the character defined in these statutes shall be "entitled" either to publish legal notices, "or to do any public printing for the state or for any county, city, or other municipality within the state." These sections of the law nowhere attempt to limit the county officials with respect to the place of printing either legal notices or other public printing, their purpose being to define the kind of newspapers within the state qualified to do such printing. Only such newspapers as are described in these sections are qualified to do the printing mentioned. It follows from these provisions that, if such printing is done in the state only, the qualified newspapers could lawfully do the work. This, certainly, has no tendency to show that a newspaper or other business concern located out of the state could lawfully do such work out of the state. But the plaintiffs do not publish or represent any newspaper within the state, and hence the rights of the plaintiffs are not affected by the sections of the code to which we are cited, unless such sections are to be construed as meaning that

only such newspapers can lawfully be employed to do any kind of public printing. If so construed, the result would be that the plaintiffs would not be competent bidders. But the question we are called upon to decide is not what class of newspapers within the state may lawfully publish legal notices and do public printing. We are to decide only the single question of whether any such work may lawfully be performed outside the state boundaries. This question, as we have already said in effect, is settled in the negative by section 1807, *supra*, which section was, in our judgment, enacted to set at rest the precise question we are to decide, and for no other purpose whatever.

Again, it is argued that if section 1807, *supra*, is construed to prohibit county officials from procuring county supplies of printed matter from those who manufacture such supplies at places without the state, it would operate to violate section 8 of article 1 of the federal constitution, relating to commerce among the states. No authority is cited in support of this contention by counsel, and we are unaware of the existence of any such authority. Viewed as a question of principle, we are unable to see why the state is forbidden to do what an individual certainly may do with impunity, viz. elect from whom it will purchase supplies needed in the discharge of its corporate functions. If such election may lawfully be made, it certainly is competent for the state to direct its officials by a mandatory statute to procure their office supplies from those who produce the same within its own limits, it having elected to purchase none others either for the use of the state, as such, or for the use of subordinate political bodies within the state. See Revised Codes, sections 50, 1807.

Counsel also argues that section 1807 is void because repugnant to section 61 of article 2 of the state constitution, which declares that "no bill shall embrace more than one subject." The statute under consideration, like all others embraced within the Political Code of this state, has no other title than the general title to the Political Code, as set out in section 1 of the Revised Codes. The Political Code, while it embraces many provisions,

is an entirety, a complete system of cognate law. The point raised by counsel was elaborately discussed in *Johnson* v. *Harrison*, 47 Minn. 575, 50 N. W. Rep. 923, and a similar provision of the constitution of the state of Minnesota considered with reference to the Probate Code of that state, which contained many dissimilar features, but was adopted as a whole. The views expressed in the opinion of Judge Mitchell in that case commend themselves to our judgment, and we shall therefore overrule this contention of the plaintiffs' counsel without further elaboration, and upon the authority of the case cited.

Counsel strenuously contends that it is the duty of the courts, if possible, to so construe the several statutes bearing upon the point in controversy as to permit competitive bidding by all the world, and thereby, as he argues, relieve the taxpayers from the burden of a monopoly of the bidders who will do the work within the state. There might be some force in this contention if the statute which controls the question were susceptible of more than one interpretation. We do not think that it is. In our judgment, section 1807 would be wholly superfluous and meaningless, unless its purpose is to require county printing to be done within the state. With the expediency of a statute the courts can have nothing to do.

Counsel calls attention to and criticises the language of the order appealed from, wherein the trial court states, after overruling the demurrer to the answer, that plaintiffs' application for a mandamus is "dismissed on the ground that, plaintiffs being nonresidents of this state, and their principal place of business being in the State of Minnesota, the defendants could not recognize and consider said bid under the law." We think with counsel that the grounds or reasons above given for overruling the demurrer and dismissing the proceeding are wholly untenable. The statute does not discriminate against nonresident bidders, nor against those whose principal or other places of business are located outside of the state. The single requirement of section 1807 is that county printing shall be done within the state. If

the enactment discriminated against nonresident bidders, a more difficult question might possibly be presented, but it does not do so. However, where the ruling of the court below is legally correct, the reasons for it will be disregarded in a court of review.

Counsel further argues that, conceding the demurrer to have been properly overruled, it was nevertheless error to dismiss the application for the writ, because, as he contends, plaintiffs should have been accorded the privilege of withdrawing the demurrer, and offering evidence to disprove the statements of fact contained in the answer. This point might be answered by the statement that the record does not show that the privilege of withdrawing the demurrer was asked for by plaintiffs' counsel. See 6 Enc. Pl. and Prac. p. 362. But we prefer to place our ruling upon another point. Under a well established rule, the general demurrer to the anwer would search the record, and relate back to the complaint. *Id.* p. 326. In this case we are of the opinion that the complaint was demurrable because it failed to state that the plaintiffs would do the work within the state if their bid had been accepted by the defendants. For this reason, we think the application for the writ was properly dismissed.

Finding no error in the record, the order appealed from will be affirmed. All the judges concurring.