**INDEPENDENT DAIRYMEN'S ASS'N, Inc.,
v. CITY AND COUNTY OF DENVER
et al.**

No. 2860.

Circuit Court of Appeals, Tenth Circuit.

May 15, 1944.

Rehearing Denied June 26, 1944.

Louis E. Gelt and Irving Zveitel, both of Denver, Colo., for appellants.

Malcolm Lindsey and Frank L. Hays, both of Denver, Colo. (Thomas E. Boyles, of Denver, Colo., on the brief), for appellees.

Before PHILLIPS and HUXMAN, Circuit Judges, and RICE, District Judge.

PHILLIPS, Circuit Judge.

■ The City and County of Denver [1] is a municipal corporation created by Art. XX of the Constitution of Colorado as a home rule city with exclusive power to legislate on matters of local and municipal concern.[2]

Independent Dairymen's Association, Inc.,[3] is a Colorado nonprofit corporation. Its members are dairymen within the State of Colorado. Among its objects are the recommending, fostering, and obtaining of laws, in relation to the distribution of dairy products, which are fair and just to the dairy interests. The Purity Creamery, a copartnership, The Broadway Creamery, a copartnership, and The Health Creamery, a Colorado corporation, are engaged in the bottling, selling, and distribution of milk and cream in standard gallon-size bottles in the city. The Association and the three creameries brought this action for a judgment declaring Ordinance No. 39 of the city to be null and void and enjoining its enforcement.

Ordinance No. 39 was enacted by the city on August 23, 1943. Section 1 thereof amended § 1030 of The Municipal Code of the city to read as follows:

"Milk or cream when sold in bottles may be sold in standard size bottles as follows: Two-quart, quart, pint, half-pint and quarter-pint or ten-ounce bottles. Sale of milk or cream in bottles of any other size or capacity is hereby prohibited."

Section 2 thereof provided that such ordinance should be effective immediately after its "passage and final publication." It was approved by the Mayor of the city on August 25, 1943, and final publication was on August 28, 1943. The trial court entered a judgment dismissing the action. It granted an injunction against the enforcement of the ordinance until the determination of this appeal.

■■ It is common knowledge that milk is easily contaminated, and that contaminated milk is a prolific source of disease. The regulation of the sale and distribution of milk is within the police power of the city.[4] The extent to which the sale and distribution of milk may be regulated under the police power is well stated in Koy v. City of Chicago, 263 Ill. 122, 104 N.E. 1104, 1107, Ann.Cas.1915C, 67, where the court said:

"There is no article of food in more general use than milk; none whose impurity or unwholesomeness may more quickly, more widely, and more seriously affect the health of those who use it. The regulation of its sale is an imperative duty which has been universally recognized. This regulation in minute detail is essential, and extends from the health and keeping of the cows which produce the milk, through all the processes of transportation, preservation, and delivery to the consumer. Not only may laws and ordinances require that milk offered for sale shall be pure, wholesome, and free from the bacilli of any disease, but they may and do, in order to produce this result, prescribe the manner in which such purity, wholesomeness, and freedom from disease shall be secured and made to appear. The cows may be required to be registered with a designated public authority; the dairies to be conducted and managed according to prescribed regulations, and, together with the dairy utensils, subjected to inspection; the receptacles in which milk is contained to be of prescribed character and capacity; the labels to be placed according to fixed regulations, and to contain certain required information; the milk to be prepared in the manner, at the times, and by the means directed, and at all times to be subject to inspection. These may be drastic restrictions upon a private business; but experience and the increasing knowledge of the causes of disease and the agencies of its propagation have demonstrated the necessity of such restrictions to the preservation of the public health."

The evidence adduced at the trial established these facts: When milk was first sold in gallon bottles in Denver, the type of bottle used was a small-mouthed bottle. Such a bottle was difficult to thoroughly clean and sterilize. Shortly after the beginning of sales in gallon bottles, representatives of the city conferred with the dairymen and the dairymen agreed to eliminate the use of the small-necked bottle, to use large-necked bottles, and to install mechanical equipment for capping. Experience demonstrated, however, that large-necked bottles are also difficult to clean and sterilize and that mechanical-capping equipment will not work well on

---

[1] Hereinafter called the city.

[2] City and County of Denver v. Bossie, 83 Colo. 329, 266 P. 214, 216.

[3] Hereinafter called the Association.

[4] Witt v. Klimm, 97 Cal.App. 131, 274 P. 1039, 1041.

such bottles. The caps do not seat perfectly and the thumb of the operator is frequently used to seat them. Furthermore, after the large bottles have been sterilized, there is a disposition on the part of dairy employees to insert their fingers in the top of the bottles when handling them. These practices subject the milk to danger of contamination from the employees' hands. This is not true when smaller bottles are used. Furthermore, gallon bottles when heated to a high temperature often break and there is a temptation to neglect complete sterilization in order to avoid breaking the bottles. The large-mouthed gallon bottles have a tendency also to chip and break around the mouth. Half-gallon and smaller bottles are more readily sterilized, are less apt to chip and break, can be capped without the use of human hands, and are less apt to be contaminated in handling.

■ Our sole inquiry is whether a rational factual basis for the legislative requirement is so wanting as to make it unreasonable and purely arbitrary.[5] We may not test in the balances of judicial review the weight and sufficiency of the facts to sustain the conclusion of the legislative body. We may only inquire whether it so lacks any reasonable basis as to be arbitrary.[6] Debatable questions as to reasonableness are not for the courts, but for the legislature, which is entitled to form its own judgment.[7] We may not set aside the ordinance because compliance with it is burdensome.[8]

■ A legislative enactment does not violate the Equal Protection Clause merely because it is not all-embracing. The legislature is free to recognize degrees of harm and may confine its restrictions to those classes of cases where the need is deemed to be clearest.[9]

■ With the wisdom or expediency of the legislative enactment we are not concerned. Those are questions exclusively for legislative determination.[10]

■ The burden of establishing the want of a rational factual basis for the legislative requirement and that the legislative enactment is unreasonable and arbitrary was on the plaintiffs.[11]

■ When the classification made by the legislature is challenged, if any state of facts reasonably can be conceived that would sustain it, there is a presumption of the existence of that state of facts, and one who assails the classification has the burden of showing, by resort to common knowledge or other matters which may be judicially noticed, or to other legitimate proof, that the action is arbitrary.[12] Here,

[5] S. H. Kress & Co. v. Johnson, D.C. Colo., 16 F.Supp. 5, 8, affirmed 299 U.S. 511, 57 S.Ct. 49, 81 L.Ed. 378; Borden's Farm Products Co., Inc., v. Ten Eyck, 297 U.S. 251, 263, 56 S.Ct. 453, 80 L.Ed. 669.

[6] S. H. Kress & Co. v. Johnson, D.C. Colo., 16 F.Supp. 5, 7, affirmed 299 U.S. 511, 57 S.Ct. 49, 81 L.Ed. 378; Standard Oil Co. v. City of Marysville, 279 U.S. 582, 586, 49 S.Ct. 430, 73 L.Ed. 856.

[7] Sproles v. Binford, 286 U.S. 374, 388, 52 S.Ct. 581, 76 L.Ed. 1167; Price v. Illinois, 238 U.S. 446, 452, 35 S.Ct. 892, 59 L.Ed. 1400; S. H. Kress & Co. v. Johnson, D.C.Colo., 16 F.Supp. 5, 8, affirmed 299 U.S. 511, 57 S.Ct. 49, 81 L.Ed. 378.

[8] Standard Oil Co. v. City of Marysville, 279 U.S. 582, 586, 49 S.Ct. 430, 73 L.Ed. 856; Sproles v. Binford, 286 U.S. 374, 389, 52 S.Ct. 581, 76 L.Ed. 1167.

[9] S. H. Kress & Co. v. Johnson, D.C. Colo., 16 F.Supp. 5, 9, affirmed 299 U.S. 511, 57 S.Ct. 49, 81 L.Ed. 378; Whitney v. California, 274 U.S. 357, 370, 47 S.Ct. 641, 71 L.Ed. 1095; People of State of New York ex rel. Bryant v. Zimmerman, 278 U.S. 63, 73, 49 S.Ct. 61, 73 L.Ed. 184, 62 A.L.R. 785; Bayside Fish Flour Co. v. Gentry, 297 U.S. 422, 56 S.Ct. 513, 80 L.Ed. 772.

[10] S. H. Kress & Co. v. Johnson, D.C. Colo., 16 F.Supp. 5, 9, affirmed 299 U.S. 511, 57 S.Ct. 49, 81 L.Ed. 378; Nebbia v. New York, 291 U.S. 502, 537, 54 S.Ct. 505, 78 L.Ed. 940, 89 A.L.R. 1469; Kansas Gas & Electric Co. v. City of Independence, 10 Cir., 79 F.2d 32, 42, 100 A.L.R. 1479.

[11] S. H. Kress & Co. v. Johnson, D.C. Colo., 16 F.Supp. 5, 8, affirmed 299 U.S. 511, 57 S.Ct. 49, 81 L.Ed. 378; Borden's Farm Products Co., Inc., v. Baldwin, 293 U.S. 194, 209, 55 S.Ct. 187, 79 L.Ed. 281; Powell v. Pennsylvania, 127 U.S. 678, 8 S.Ct. 992, 1257, 32 L.Ed. 253; Weaver v. Palmer Bros. Co., 270 U.S. 402, 410, 46 S.Ct. 320, 70 L.Ed. 654; Metropolitan Casualty Ins. Co. v. Brownell, 294 U.S. 580, 584, 55 S.Ct. 538, 79 L.Ed. 1070.

[12] S. H. Kress & Co. v. Johnson, D.C. Colo., 16 F.Supp. 5, 8, affirmed 299 U.S. 511, 57 S.Ct. 49, 81 L.Ed. 378; Borden's Farm Products Co., Inc., v. Baldwin,

again, the scope of the judicial review is limited. If the evidence or conclusions drawn therefrom leave it fairly debatable as to whether there is a reasonable basis for classification, the courts may not override the legislative determination. The proof must show that the classification is wholly without any rational basis and is essentially arbitrary.[13]

The plaintiffs below failed to establish that a rational factual basis for the requirements of the ordinance is so wanting as to render it unreasonable and arbitrary, or that the classification is without any rational basis, or is essentially arbitrary. On the contrary, in the light of the proven facts, we are of the opinion that the ordinance has a legitimate relation to the protection of the public health and is a proper exercise of the police power of the city.

The injunction pendente lite will be dissolved and the judgment is affirmed.

293 U.S. 194, 209, 55 S.Ct. 187, 79 L. Ed. 281; Rast v. Van Deman & Lewis Co., 240 U.S. 342, 357, 36 S.Ct. 370, 60 L.Ed. 679, L.R.A.1917A, 421, Ann.Cas. 1917B, 455.

[13] S. H. Kress & Co. v. Johnson, D.C. Colo., 16 F.Supp. 5, 9, affirmed 299 U.S. 511, 57 S.Ct. 49, 81 L.Ed. 378; Borden's Farm Products Co., Inc., v. Baldwin, 293 U.S. 194, 209, 55 S.Ct. 187, 79 L.Ed. 281; Whitney v. California, 274 U.S. 357, 369, 47 S.Ct. 641, 71 L.Ed. 1095.