Helen L. HEINZEROTH, as Administratrix with the Will Annexed of the Bertha M. Heinzeroth Estate, and Dale G. Heinzeroth, Plaintiffs and Respondents,

v.

A. A. BENTZ, Defendant and Appellant.

No. 8000.

Supreme Court of North Dakota.

Aug. 17, 1962.

612

Zuger, Zuger & Bucklin, Bismarck, for defendant and appellant.

Rausch & Chapman, Bismarck, for plaintiffs and respondents.

STRUTZ, Judge.

This is an action to quiet title to certain real estate in McLean County. The plaintiff Dale G. Heinzeroth was to acquire title to such land in the probate proceedings of the estate of his mother, and he, with his wife, brings this action for the purpose of determining the adverse claims or interests of the defendant to such land.

In January 1954 the late C. L. Foster was appointed executor of the last will and tes-tament of Bertha Heinzeroth, deceased. The property involved in this lawsuit was devised by the deceased to the plaintiff Dale G. Heinzeroth, an only child. During the probate of the estate, the devisee and his wife, the plaintiff Helen L. Heinzeroth, requested and received numerous advances from Foster. Many of these advances were in the form of loans made by Foster out of his personal funds. In 1959, the loans had mounted to a point where Foster felt that he could make no further advances and he advised the plaintiffs to mortgage or sell the land in question if any further money were required. An attempt was made to sell it at public auction but, after advertisement of the land, no bids were received from any of the persons who attended the sale.

C. L. Foster's health was not good, and, in December of 1959, when the plaintiffs requested more money for house payments and for living expenses, he called on them personally and arranged for the sale of the land. On or about December 27, in the company of the defendant, A. A. Bentz, Judge Foster went to Fargo to meet with the plaintiffs. At the ensuing conference, it was orally decided by all of the parties concerned that the plaintiffs would sell the land to the defendant at the agreed price of $37.50 an acre; that Foster would, upon returning to Bismarck, prepare a deed to effect such transfer and would mail such deed to the plaintiffs in Fargo where they would execute it before a notary public and then return it. Foster was then to hold the deed in escrow until a decree of distribution had been entered in the Bertha Heinzeroth estate. On the entry of such final decree, Foster, as escrow agent, would deliver the deed to the defendant, Bentz, and the defendant would pay the full purchase price.

On his return to Bismarck from Fargo Judge Foster prepared a deed and mailed it to the plaintiffs. The deed was thereafter executed by the plaintiffs before a notary public and was returned to Foster, who received it shortly before January 5, the date of his death.

The plaintiffs attended Foster's funeral on January 8. At that time, they had a conversation with the defendant and stated that they were not going through with their agreement to sell the land to the defendant. The defendant thereupon informed the plaintiffs that he had the deed in his possession and that he was ready to complete the transaction as agreed.

The record discloses, and the undisputed evidence of all of the parties, is that Foster, as escrow agent, was to hold the deed in his possession until final decree had been entered in the Bertha Heinzeroth estate. Nevertheless, the deed somehow came into the possession of the defendant, together with the abstract of title to the land. The defendant explains his possession by saying that, although the escrow agent was to retain possession of the deed until final decree had been entered in the Bertha Heinzeroth estate, Foster had given the deed and the abstract to the defendant temporarily for the sole purpose of having the deed and the title examined by the defendant's attorney; that the deed was in defendant's possession for that purpose, and that purpose only, at the time the escrow agent died, on January 5.

The trial court, ordering the title quieted in the plaintiffs and holding that the defendant had no interest in the land, pointed out that the escrow agent, Judge Foster, was an experienced practitioner; that Foster would have known that, as escrow agent, he would invalidate the escrow agreement by making an unauthorized delivery of the deed to the defendant. Therefore, the court found that there had been no delivery by the escrow agent, Foster, to the defendant; that the defendant, having offices in the same room with Judge Foster, had come into possession of the deed in some way other than by a delivery of it to him by the escrow agent. The court thereupon made a specific finding that there had been no delivery of the deed, for purposes of examination or otherwise. The trial court obviously did not believe the defendant's story, that the delivery of the deed to the defendant by the escrow agent, Foster, was in the nature of a temporary loan for the purpose of permitting the defendant to have the title examined and the deed approved by the defendant's attorney.

From the judgment entered for the plaintiffs, quieting title to the land in question as to all claims of the defendant, or of anyone claiming under the defendant, and forever barring the defendant from asserting any right to the land, the defendant has appealed to this court and has demanded a trial de novo.

Numerous issues are raised on this appeal. The first question for this court to determine is whether the deed executed by the plaintiffs and delivered to Judge Foster, as escrow agent, was a sufficient memorandum to take the agreement of the plaintiffs to sell the land to the defendant out of the statute of frauds. If it was not, then the transaction is barred by the statute of frauds and all other questions, such as the question of wrongful delivery of the deed by the escrow agent, are immaterial.

■ Our statute provides that certain contracts are invalid unless the same, or some note or memorandum thereof, are in writing and signed by the party to be charged, or his agent. Included in these contracts is—

"4. An agreement for the leasing for a longer period than one year, or for the sale, of real property, or of an interest therein. Such agreement, if made by an agent of the party sought to be charged, is invalid unless the authority of the agent is in writing subscribed by the party sought to be charged." Sec. 9–06–04, N.D.C.C.

■ What must be in writing, therefore, is not the escrow agreement, which may be established by parol. 19 Am.Jur., Escrow, Sec. 12, pp. 429–430. But there must be proof of a valid and sufficient memorandum containing substantially the provisions of the oral contract of sale of the

land. The weight of authority supports the proposition that if a deed containing substantially the provisions of an oral contract of sale of land is delivered in escrow, in the true sense of that term, so that it has passed into the possession of a stranger for delivery to the grantee upon the happening of some event or the performance of some condition, and is beyond the control of the grantor, the contract is taken out of the statute of frauds, at least as against the party or parties who executed the instrument. 19 Am.Jur., Escrow, Sec. 12, p. 428; 37 C.J.S. Frauds, Statute of, § 181, p. 666.

See also 100 A.L.R., p. 210, et seq.

■ To be sufficient the entire agreement must be in writing and the contract cannot rest partly in writing and partly in parol. The memorandum agreement must contain all of the essential or material terms and conditions of the contract.

This court has followed the majority rule cited above. In the case of Kunick v. Trout (N.D.), 85 N.W.2d 438, we specifically approved this proposition. In that case, the court said that if a deed or deeds containing substantially the provisions of an oral contract for the sale of an interest in real estate—

"* * * are delivered in escrow in the true sense of that term so that they have passed into the possession of a stranger for delivery to the grantee upon the happening of some event or the performance of some condition and are beyond the control of the grantor, the contract is taken out of the statute of frauds at least as against the party or parties who executed said deeds."

Thus, in this case, if the deed signed by the plaintiffs contains substantially the provisions of the oral agreement of the parties for the sale of the land in question, and such deed was delivered in escrow so that it had passed into the possession of a stranger for delivery to the defendant upon the happening of some event (the entry of final decree of the Bertha Heinzeroth estate), or the performance of some condition (the payment of the agreed consideration), and the deed was beyond the control of the grantors, the plaintiffs in this action, then the deed would be a sufficient memorandum to take the contract out of the statute of frauds. No case has been found where it has been held that a deed reciting fully the provisions of an agreement or contract agreed upon by the parties, and where such deed was placed in the hands of an escrow agent beyond the control of the grantor, would not serve as a sufficient memorandum to take the transaction out of the statute of frauds.

■ An agreement or memorandum of sale of real estate may not, however, be partly in writing and partly in parol. The essential terms must be in writing. Thus it has been held that the memorandum of an agreement to sell real estate must specify all of the material provisions of the contract agreed upon, to be enforceable.

Let us examine the deed signed by the plaintiffs in this case and delivered to Judge Foster, as escrow agent, for delivery to the defendant, Bentz, on the entry of final decree in the estate of Bertha Heinzeroth, deceased, to see whether such deed is a sufficient memorandum to take the transaction out of the statute of frauds. The deed sets forth the legal description of the land sold; it gives the names and addresses of the grantors, the plaintiffs in this action, and the name and address of the grantee, the defendant, A. A. Bentz.

It states a consideration in the following words:

"* * * for and in consideration of the sum of ONE DOLLAR ($1.00) AND OTHER GOOD AND VALUABLE CONSIDERATION, * * *."

The question then arises as to whether this deed, which fails to set forth the consideration, other than as above, substantially sets forth the terms and provisions of the oral contract of the parties for the sale of the land. The evidence in this case, without

contradiction, shows that the consideration agreed upon orally was $37.50 an acre.

The Illinois Supreme Court has held that the memorandum of an agreement to sell real estate must specify the consideration agreed upon in order to be enforceable. In the case of Hanlon v. Hayes, 404 Ill. 362, 89 N.E.2d 51, 23 A.L.R.2d 154, the writing relied upon as a memorandum was a receipt for $100, part-payment on eighty-four acres of farmland of the Mary Hogan estate, the balance, at $155 an acre, to be paid when the deed and the abstract were presented. It was admitted by the parties that the words "at $155. an acre" were not part of the writing when it was signed by the party who was to be charged. As in the case before us, there was no dispute as to the consideration, both parties testifying that the oral agreement had been for $155 an acre. But the plaintiffs in the Illinois case contended that they were dissatisfied with the price and refused to go through with the deal, and raised the question of statute of frauds. The Illinois court held that the memorandum, which did not specify the consideration agreed upon, was not enforceable under the statute of frauds since it did not substantially set forth the provisions of the oral agreement.

■ Where the consideration is stated in such a way that the amount can be determined, the agreement is not so uncertain as to consideration as to be unenforceable under the statute of frauds. In the case of Didricksen v. Havens, 136 Conn. 41, 68 A.2d 163, the consideration was stated as "Twelve Thousand Five Hundred ($12,500.) Dollars, * * * subject to an existing mortgage, * * *." The Connecticut court held that the consideration was not uncertain because the consideration could be ascertained by determining the balance due on the existing mortgage.

In Holland v. McCarthy, 173 Cal. 597, 160 P. 1069, the court was faced with a situation very similar to that which we have before us. A deed was delivered in escrow with instructions to the escrow agent to deliver the same to the vendee on the payment of the purchase price. The consideration orally agreed upon by the parties was $3,100, but the deed itself recited a consideration of ten dollars. The California court felt that a recital of ten dollars as consideration, with all other terms and provisions of the oral agreement fully set forth in the deed, was not a sufficient memorandum to take the transaction out of the statute of frauds since the consideration mentioned was ten dollars and the price agreed upon to be paid was $3,100. The evil which the statute of frauds seeks to guard against is the use of oral evidence to prove a contract for sale of real estate. Where there is a deed reciting all of the conditions of such sale except consideration, oral testimony still would be required to prove the price. Even though such deed is signed by the party to be charged and is delivered to an escrow agent and is beyond the control of the grantor, the contract still would be within the statute of frauds because the deed would not contain substantially the provisions of the oral contract of sale of the land since it does not set forth a material matter, the price to be paid.

■ Here, all of the terms of the oral agreement are set forth in the deed except the consideration. The deed does express a consideration, but not the real consideration. The fact that the consideration cannot be determined from the writing which is relied upon as a memorandum, without resort to outside evidence, renders the writing insufficient as a memorandum to take the transaction out of the statute of frauds.

It is therefore our opinion that, to make the deed in question sufficient to satisfy the statute of frauds, it must express the consideration or the price. Thus the memorandum agreement relied upon as a contract for sale of land must, within itself, show the seller and the buyer, give the

price and the time of payment, and describe the land so that it may be identified. Here, the memorandum relied upon contains all of the essential stipulations and undertakings of the prior verbal agreement except the recital of consideration. Since the consideration, which is an essential stipulation, is omitted, the memorandum is insufficient under the statute of frauds.

Having decided that the deed is not a sufficient memorandum to take this transaction out of the statute of frauds, the other issues raised need not be considered.

In this case, the trial court found for the plaintiffs for reasons we do not believe are entirely valid. Where the trial court's conclusion is correct, it will not be disturbed merely because the court gives an incorrect or insufficient reason for its decision. Knight v. Barnes, 7 N.D. 591, 75 N.W. 904; Engen v. Medberry Farmers' Equity Elevator Co., 52 N.D. 681, 204 N.W. 7.

For reasons set forth herein, the judgment of the district court is affirmed.

SATHRE, C. J., and MORRIS, BURKE and TEIGEN, JJ., concur.