Alvin KLIPFEL, Plaintiff and Respondent,

v.

Henry BRANDENBURGER, Defendant
and Appellant.

Civ. No. 8380.

Supreme Court of North Dakota.

Feb. 29, 1968.

------◆------

Kretschmar & Kretschmar, Ashley, for plaintiff and respondent.

J. B. Graham, Ellendale, for defendant and appellant.

STRUTZ, Justice (on reassignment).

The plaintiff brings this action for specific performance of a contract for the sale of real estate at a public auction. The defendant denies the agreement to sell, and then raises the defense of the statute of frauds. He further alleges that if he did agree to sell the land and if the agreement is sufficient under the statute of frauds, the plaintiff cannot compel the enforcement thereof because the plaintiff did not perform certain conditions precedent which he was required to carry out before he could demand performance on the part of the defendant, and that the plaintiff attempted to vary the terms of the agreement which he now is trying to enforce.

The facts do not appear to be in serious dispute. The record discloses that the defendant put certain personal and real property up for sale at public auction, to be sold by a licensed auctioneer. Such sale was held on October 15, 1964. At the auction, the plaintiff was the successful bidder on 640 acres of defendant's land. The defendant had advised the auctioneer prior to the sale that terms of the sale were not less than twenty per cent down, five years to pay the balance, with five per cent interest; that no fences were to be moved and no buildings on the land were to be torn down until the full purchase price had been paid.

The plaintiff did not make the down-payment of twenty per cent on such sale price at the time of sale. Three weeks after the sale, he attempted to make a down-payment on the purchase price of part of the 640 acres which he claims to have purchased. The down-payment on the balance of the land was tendered on February 8, 1965, almost four months after the date of sale.

After the sale, the auctioneer prepared a memorandum which read:

"Terms not over 20 percent down
"Bal 5 yr. 5% Int
"Henry agreed to pay 50¢ per acre
  for land sold
        "Oct 15—64
"Henry Brandenburger Auction
"Land sold to Wilbur Erlinbush
"240 acres at 44⁰⁰ per acre
"Alvin Klipfel
"640 acres at 39⁰⁰ per acre
        "Earl Thorpe"

Thorpe, the auctioneer, testified that he had prepared the above memorandum, not for the purpose of complying with the law but for the purpose of showing the commission that was due him.

On this record, the trial court found for the plaintiff and ordered the defendant to specifically perform. From the judgment entered on such order the defendant has taken this appeal, demanding trial de novo.

Our statutes specifically make a contract for the sale of real property invalid unless the contract or some note or memorandum thereof, is in writing and subscribed by the party to be charged, or by his agent. Sec. 9–06–04(4), N.D.C.C. The statute states that if the contract is made by an agent, the authority of the agent must be in writing and subscribed by the party to be charged.

Our law further provides that an auctioneer has authority from the bidder at an auction, as well as from the seller, to bind both by a memorandum of the contract whenever a written memorandum is required by law. Such memorandum must be in the form prescribed by law. Sec. 3–05–02, N.D.C.C.

█ The statute of frauds, as it pertains to sales of real estate, applies to sales of privately owned land sold at public auction. Brey v. Tvedt, 74 N.D. 192, 21 N.W.2d 49. And where such sale is at public auction, the statute vests in the auctioneer the authority to make the required memorandum on behalf of both the buyer and the seller, in the form required by statute.

In the case before us, the auctioneer did make a memorandum. We must determine if that memordandum complies with the requirements of the statute of frauds. It is conceded that the writing relied upon contains many of the necessary provisions of the agreement. It states the selling price per acre. The down-payment is stated as being "not over 20 percent down," which, although vague, can be held to mean 20 per cent. Interest is to be at five per cent of the balance due. Whether such interest is payable annually, or at the end of the five years, is not stated. The memorandum provides that such balance is to be paid in five years. But is such balance to be paid in annual installments, or is it to be paid at the end of the five years? The memorandum does not provide at what time or in what manner such balance is to be paid. It appears that such balance was not to be paid in five equal installments, because the buyer testified that the first installment was to be fifteen per cent of the balance due.

█ To be a sufficient memorandum under the statute of frauds, a writing must be complete in itself, leaving nothing to be established by parol. It must contain all of the essential elements or material facts of the agreement, or at least it must give the key to other writings which will provide such material facts. 37 C.J.S. Statute of Frauds § 181, p. 666.

█ As we said in Heinzeroth v. Bentz (N.D.), 116 N.W.2d 611, the memorandum of an agreement to sell real estate must substantially contain all of the provisions of the contract. The manner of paying the balance in this case could not be determined except by parol testimony.

The memorandum relied upon also fails to specifically describe the land which was being sold, other than to provide:

"Alvin Klipfel

"640 acres at 39⁰⁰ per acre."

Testimony produced at the trial discloses that the defendant was the owner of 880 acres of land, 240 acres of which were sold to Wilbur Erlinbush. But what particular tract went to Erlinbush and what tract was to go to the plaintiff cannot be determined from the memorandum of the auctioneer or from any other writing in evidence without resort to parol. Thus we believe the writing is insufficient to properly describe the real estate which is the subject of this contract.

When land to be sold is not described or defined, except in the number of acres the contract embraces, the memorandum has

been held to be insufficient. Adams v. Manning, 46 Utah 82, 148 P. 465.

It has been held that to be an adequate description of the real estate to be sold, sufficient to satisfy the statute of frauds, the description must be such that would enable a competent surveyor to find the land in question from the memorandum or from references made in the memorandum. Prager v. McAdam, 399 Pa. 405, 161 A.2d 39.

■ The terms of the agreement in this case cannot be determined except by parol evidence. To be sufficient under the statute of frauds, the memorandum must be complete in itself and leave nothing to rest in parol. It must be definite and certain as to the property to be sold, the consideration to be paid, and the manner and time of performance. Gedvick v. Hill, 333 Mich. 689, 53 N.W.2d 583.

■ The alleged memorandum of sale of real estate in this case was, we believe, insufficient to comply with the statute of frauds where it did not fix the manner or the time of making payment of the balance due under the contract, and where the memorandum failed to describe the property being sold, other than by providing:

"Alvin Klipfel

"640 acres at 39⁰⁰ per acre."

Certain other issues were raised by the defendant on his appeal, including the plaintiff's failure to make the down-payment for several weeks and the plaintiff's attempt to make such down-payment at that time on less than the 640 acres which he claims to have purchased, thus varying the terms of any agreement made at the time of sale. Since we hold the contract unenforceable because the memorandum of sale does not comply with the requirements of the statute, we deem it unnecessary to consider these additional issues.

Reversed and plaintiff's complaint dismissed.

TEIGEN, C. J., and ERICKSTAD, KNUDSON and PAULSON, JJ., concur.